UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-296 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Havion Eddie Amaru Holmes, | |
| Defendant. | |

Daniel Bobier, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Kate Adams and Manvir K. Atwal, Federal Defenders, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions. Defendant Havion Eddie Amaru Holmes has filed the following motions:

1. Motion for Pretrial Disclosure of 404 Evidence, ECF No. 18;

2. Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 19;

3. Motion for Discovery and Inspection, ECF No. 20;

4. Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 21;

5. Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 22;

6. Motion for Early Disclosure of Jencks Act Material, ECF No. 23;

7. Motion to Disclose Post Conspiracy Statements of Co-defendants, ECF No.

    24; and

8.    Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 25.

A hearing was held on March 25, 2025. ECF No. 32. Assistant United States Attorney Harry Jacobs appeared on behalf of the United States of America (the "Government"). Federal Defender Kate Adams appeared on behalf of Defendant Havion Eddie Amaru Holmes ("Defendant"). Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.    Defendant's Motion for Pretrial Disclosure of 404 Evidence, ECF No. 18, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests immediate disclosure of Rule 404(b) evidence. *Id.* In response, the Government proposes to disclose any Rule 404(b) evidence two weeks before trial. *See* Gov't's Consol. Resp. at 2, ECF No. 29. At the hearing, Defendant asked for disclosure to be made at least 28 days before trial. The Government, however, reiterated its two-week proposal.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for

which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the Government's two-week proposal reasonable. Therefore, no later than two weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after

3

such discovery. *See* Fed. R. Evid. 404(b)(3)(A). This motion is denied in part to the extent it goes beyond Rule 404(b).

    2.    Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 19, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks disclosure of all favorable and exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Id.* The Government responds that it will continue to comply with its obligations under *Brady*, *Giglio*, and their progeny. Gov't's Consol. Resp. at 1.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing under *Brady*, 373 U.S. at 87). "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *Miller*, 698 F.3d at 704. "*Brady* does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." *United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005).

Further, "[t]he [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *see also United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)).

"One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Sigillito*, 759 F.3d at 930 (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny. If the Government later discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. To the extent Defendant seeks disclosures

5

outside of the Government's obligations under these authorities or seeks materials that have already been produced, such a request is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent that Defendant requests statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, such requests are denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3.      Defendant's Motion for Discovery and Inspection, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks materials subject to disclosure under Rule 16(a) of the Federal Rules of Criminal Procedure. *See* ECF No. 20. The Government represents that it will continue to comply with its discovery obligations. Gov't's Consol. Resp. at 1.

"In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *Johnson*, 228 F.3d at 924. Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a) remains in the Government's control and has not yet been produced. The motion is further granted in part to the extent it seeks discovery that the Government is otherwise obligated to disclose by law. While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a) or that have already been

produced, this motion is denied.

4. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, ECF No. 21, is **DENIED WITHOUT PREJUDICE**.

Defendant seeks disclosure and inspection of electronic surveillance records, specifically seeking discovery of any wiretapping or electronic surveillance by law enforcement. *Id.* The Government represents that it is not aware of any wiretapping or electronic surveillance during law enforcement's investigation of this matter. *See* Gov't's Consol. Resp. at 2. The Government, however, further represents that if such discovery comes to light, then it will disclose consistent with its obligations under *Brady* and Rule 16. *Id.* At the hearing, Defendant acknowledged the Government's representation but requests the Government to disclose such information if it becomes aware of any electronic surveillance. The Government reiterated its written response at the hearing. Accordingly, based on the Government's representations, this motion is denied without prejudice at this time.

5. Defendant's Motion for Disclosure of Expert Under Rule 16(a)(1)(G), ECF No. 22, is **GRANTED**.

Defendant asks for the disclosure of experts 28 days prior to trial. *Id.* The Court's Arraignment Order ordered the parties to disclose the identity of any expert witness and make all expert disclosures no later than 28 days before trial and make all rebuttal expert disclosures no later than 14 days before trial. ECF No. 10 at 2. The parties shall follow the deadlines in the Court's Arraignment Order. The Court, nevertheless, grants this motion.

6.      Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 23, is **DENIED**.

Defendant seeks early disclosure of Jencks Act material, specifically one week prior to trial. *Id.* At the hearing, the Government did not object to the one-week disclosure request but emphasized that it typically produces such information as soon as practicable.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. The Court, however, encourages disclosure of such materials three days in advance of trial.

7.      Defendant's Motion to Disclose Post Conspiracy Statements of Co-defendants, ECF No. 24, is **DENIED** to the extent Defendant seeks disclosure under Federal Rule of Criminal Procedure 16 and **DENIED WITHOUT PREJUDICE** to the extent Defendant seeks relief under *Bruton v. United States*, 391 U.S. 123 (1968).

Defendant moves pursuant to Rule 16 and *Bruton*, for an order compelling the Government to disclose post-conspiracy statements of any co-defendant or unindicted co-

conspirators. *See* ECF No. 24. The Government asks for this motion to be denied as moot as Defendant is the only defendant named in the Indictment. *See* Gov't's Consol. Resp. at 3. The Government, however, represents that if the circumstances of *Bruton* arise in this matter then Defendant should request leave to seek the appropriate relief. *Id.* at 3-4.

      The Court understands Defendant's reference to Rule 16(c), which sets forth a party's continuing duty to disclose, in light of the present unknowns. Nevertheless Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy. It covers oral statements made by [a] defendant 'in response to interrogation by any person then known to the defendant to be a government agent.'" *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990) (quoting *United States v. Vitale*, 728 F.2d 1090, 1093-94 (8th Cir. 1984)). Rule 16 "stresses that only 'statements made by the defendant' are discoverable." *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Therefore, the Court denies this motion and discovery requests insofar as they seek pretrial disclosure of statements or confessions of any co-defendant or unindicted co-conspirator pursuant to Rule 16.

      Furthermore, *Bruton* held that the admission of an incriminating statement by a non-testifying co-defendant at a joint trial violates the defendant's rights under the Confrontation Clause. 391 U.S. at 137; *United States v. Singh*, 494 F.3d 653, 658 (8th Cir. 2007). "*Bruton*, however, does not preclude the admission of otherwise admissible statements by a co-conspirator under Rule 801(d)(2)(E)." *Id.* at 658 (citing *United States v. Mickelson*, 378 F.3d 810, 819 (8th Cir. 2004) ("However, when the statements are those of a co-conspirator and are admissible under Federal Rule of Evidence 801(d)(2)(E), the

Sixth Amendment and *Bruton* are not implicated.")). Therefore, "co-conspirators' statements made in furtherance of a conspiracy and admitted under Rule 801(d)(2)(E) are generally non-testimonial and, therefore, do not violate the Confrontation Clause as interpreted by the Supreme Court." *Id.* (citing *Crawford v. Washington*, 541 U.S. 36, 51-54 (2004)); *see United States v. Lee*, 374 F.3d 637, 644 (8th Cir. 2004) (applying *Crawford* in holding that casual statements to an acquaintance, statements to a co-conspirator, and business records are not testimonial). At this time, it is not clear whether any *Bruton* issues will in arise. *See United States v. Needham*, No. 12-cr-206(5) (DWF/LIB), 2012 WL 6755386, at *4 (D. Minn. Dec. 10, 2012), *report and recommendation adopted*, 2013 WL 25213 (D. Minn. Jan. 2, 2013).

Thus, to the extent post-conspiracy statements of any co-defendant or co-conspirator are discoverable under *Brady*, the Jencks Act, or some other authority, the Court expects the Government to honor its disclosure obligations. *See United States v. Abari*, No. 19-cr-103 (MJD/ECW), 2019 WL 2417711, at *1 (D. Minn. June 10, 2019). Defendant's request for leave to file motions related to any *Bruton* issues, however, is premature and denied without prejudice at this time.

8. Defendant's Motion for Government Agents to Retain Rough Notes and Evidence, ECF No. 25, is **GRANTED IN PART** and **DENIED IN PART**.

The request for retention of rough notes is granted. *Id.* at 1. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. To the extent that Defendant seeks disclosure of rough notes, *id.* at 1-2, such a request is denied. Law enforcement's rough notes are not considered Jencks

Act material, *see United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (finding that an agent's rough notes memorializing a witness's statements are not Jencks Act material), and are not considered discoverable statements of a government agent, *see United States v. Robinson*, 439 F.3d 777, 779-80 (8th Cir. 2006) ("Reports, memoranda, or other internal government documents created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." (quotation omitted)).

9. All prior consistent orders remain in full force and effect.

10. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: March 25, 2025

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Holmes*
Case No. 24-cr-296 (ECT/TNL)